# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4308 | **DATE** | 7/23/2010 |
| **CASE TITLE** | Tumangelova vs. Penobscot Corp., et al. | | |

**DOCKET ENTRY TEXT**

The parties' joint motion for preliminary approval of class settlement agreement and approval of notice to class members [50] is granted. The Court preliminarily approves the proposed settlement and certifies the proposed class for settlement purposes. Kenneth Brennan and Steven Nikolov are designated as class counsel, and Tanya Tumangelova is designated as class representative. The Court approves the proposed notice and authorizes the requested notice procedure. Opt-outs and objections will be considered if postmarked by 10/21/10. A final fairness and approval hearing will be held on 11/10/10 at 10:00 a.m. Plaintiff's motion to certify class filed on 1/19/10 [26] is denied as moot.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff's class action complaint alleges that defendants violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et seq.* The complaint alleges that defendants, companies that manage rental properties, unlawfully printed more than the last five digits of credit or debit card numbers on receipts provided to their customers. Before the Court is the parties' joint motion for preliminary approval of class settlement agreement and approval of notice to class members.

The Court must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions," and may approve a settlement only if it is "fair, reasonable, and adequate." Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006). Accordingly, the Court has carefully reviewed the papers filed by the parties in support of their motion.

> For the purpose of settlement, the parties stipulate to the certification of a class defined as: all persons who received at the point of transaction a customer copy of an electronically-generated receipt with the entire 16-digit credit card number and/or expiration date by the credit card machine identified as Valley 1, terminal 2545895, located at Village in the Park Apartments, 1417 Valley Lake Drive, Schaumburg, IL 60195 between July 17, 2007 to June 8, 2009.

The parties seek to certify this class under Federal Rule of Civil Procedure 23(a) and (b)(3). The settlement agreement provides that class members who return valid claim forms without a receipt would receive $50.00, and that class members who return valid claim forms with a receipt would receive $75.00. Defendants would pay plaintiff Tanya Tumangelova an additional $3,500 for her service as class representative, and would pay plaintiff's counsel $32,000 for attorney's fees and costs.

The Court first examines whether the request for class certification satisfies the requirements of Rule

| STATEMENT |
|---|

23. The parties indicate that the class numbers approximately 296 individuals, which satisfies the numerosity requirement of Rule 23(a)(1). Plaintiff's claim that she and the other class members received receipts that contained more than five digits of their credit card numbers is sufficient to establish commonality and typicality under Rule 23(a)(2) and (a)(3). It appears that plaintiff and her counsel can fairly and adequately represent the interests of the class, as required by Rule 23(a)(4). Finally, it appears that common questions of law and fact predominate, and that the class action mechanism is the superior method for adjudicating the case, as required by Rule 23(b)(3). The Court preliminarily finds that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23.

Next, the Court examines the proposed settlement. The parties reached the settlement through mediation before Magistrate Judge Nolan, and the proposed terms appear to be within the range of possible approval. Therefore, the Court preliminarily approves the settlement.

Finally, the Court considers the proposed form of notice to the class. The parties propose to mail notice to class members at their last-known addresses listed in defendants' files, and to publish notice in the *Chicago Tribune*. The proposed notice informs class members of the nature of this action, the definition of the class certified, the claims and issues involved, the proposed settlement, their right to opt out and how to do so, the effect of their failure to do so, and their right to appear through counsel. See Fed. R. Civ. P. 23(c)(2)(B) & (e). The Court finds that the proposed notice complies with Rule 23(c)(2) and (e).

*[Signature: George W. Lindberg]*